IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JEFFERY C. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-066 |
| | ) | |
| JAMES G. BROYHILL, STEVEN W. HOSKINS, and VANGUARD TRANSPORTATION SYSTEMS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is now before the court on the "Motion to Vacate Default Judgment [sic]" [doc. 82] filed by attorney Martin Ellis on behalf of defendant Hoskins, Inc. For the reasons that follow, attorney Ellis's motion will be taken under advisement pending actual participation in this case by Hoskins, Inc.

I.

*Factual Background*

On March 10, 2005, plaintiff filed his third amended complaint [doc. 41], naming Hoskins, Inc. as a defendant. Plaintiff served Hoskins, Inc. on July 23, 2005. [Doc. 61]. The executed summons advises in pertinent part that Hoskins, Inc. must answer the complaint within twenty days or "judgment by default will be taken against you for the relief

demanded in the complaint."

As of March 10, 2006, Hoskins, Inc. had not yet filed an answer or defense. That day, enlivened by the court's seventh show cause order in this litigation, plaintiff filed a "Request for Entry of Default." [Doc. 76]. Hoskins, Inc. offered no opposition to plaintiff's request. Accordingly, on April 6, 2006, the Clerk of Court entered default against Hoskins, Inc. pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [Doc. 80].[1]

The following day, attorney Ellis filed a notice of appearance "on behalf of Hoskins, Inc." [Doc. 82]. On April 11, 2006, attorney Ellis filed an answer [doc. 83] to the third amended complaint, along with the motion presently at issue. Therein, counsel avers that he was retained to represent Hoskins, Inc. on March 16, 2006, presumably by an insurance carrier.

Counsel asks the court to set aside the default "on the ground that attempted communication with . . . Hoskins, Inc. has been without response." More specifically, counsel states that he has been unable to contact Hoskins, Inc. "despite repeated attempts and requests for response."

Plaintiff has filed a response [doc. 84] indicating that at least some of the parties will be engaging in a second attempt at mediation on June 27, 2006. Plaintiff refers to an informal agreement with counsel for defendant Vanguard Transportation Systems, Inc. not to pursue a default judgment against Hoskins, Inc. until after the June mediation.

---

[1] Defendant's motion caption notwithstanding, plaintiff has not *yet* filed a motion for judgment by default under Rule 55(b), and no such judgment has *yet* been entered.

Plaintiff's attorney therefore "does not feel that, in good faith, he can oppose Hoskins, Inc's motion to set aside the default at this time."

II.

*Authority*

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." A court may subsequently set aside the default "[f]or good cause shown[.]" Fed. R. Civ. P. 55(c). "Good cause" is assessed by considering: (1) whether a set-aside would prejudice the plaintiff; (2) whether the defaulted party has a meritorious defense; and (3) whether culpable, or "willful," conduct by the defendant led to the default. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983) (citation omitted). "All three factors must be considered in ruling on a motion to set aside entry of default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

III.

*Analysis*

The court acknowledges that the instant motion is essentially unopposed. The court further recognizes and appreciates attorney Ellis's efforts on behalf of a seemingly disinterested client. Nonetheless, considering all three *United Coin* factors as it is required

3

to do, the court concludes that the requested set-aside is not presently justified.

Only the first of these factors weighs in favor of Hoskins, Inc., as the court has not been made aware of any potential prejudice to the plaintiff. Most significant in the present circumstance, however, is the utter absence of a meritorious defense offered by Hoskins, Inc. The lone justification that counsel's "attempted communication with . . . Hoskins, Inc. has been without response" not only falls short of "meritorious," but is in fact no excuse at all. There is a "strong policy in favor of deciding cases on their merits . . . . Clearly, however, the court may refuse to set aside a default [] where the defaulting party has no meritorious defense . . . *or where the defendant offers no excuse at all for the default*." *Shepard*, 796 F.2d at 194-95 (citation omitted) (emphasis added).

As for the final *United Coin* factor, defendant's *incommunicado* posture leaves the court unable to determine whether the underlying conduct has been culpable and/or willful. Defendant's apparent decision to ignore this court's proceedings is, however, at least suggestive of culpability. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* at 194.

For these reasons, the court does not presently find "good cause" under Rule 55(c). The motion to vacate will be taken under advisement, pending actual, active participation in this case by Hoskins, Inc. The Clerk's entry of default, along with the looming specter of a default *judgment*, shall presently remain in place as to Hoskins, Inc.

4

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

5